### SOLOMON J. HORNE *vs.* CHRISTOPHER H. BODWELL.

In an action against one of two makers of a promissory note, an answer averring that the defendant signed the note as surety only of the other promisor, and that the payee " did extend the time of payment on said note, against the consent of the defendant," warrants the admission of evidence that the defendant signed as surety only, and that the payee, by agreement with the other promisor for a valuable consideration, and without the defendant's consent, extended the time of payment of the note; especially if the evidence be not objected to by the plaintiff's counsel before his closing argument.

ACTION OF CONTRACT by an indorsee to recover an unpaid balance due on a note signed by the defendant and Samuel C. White. Answer, that the defendant signed the note as surety for White, and that the payee " did extend the time of payment on said balance, against the consent of the defendant."

At the trial in the court of common pleas, before *Briggs*, J., the defendant offered evidence tending to show that the defendant was only a surety on the note, and was known to the payee to be only a surety ; and that the payee, pursuant to an agreement made for a valuable consideration with White, and without the consent of the defendant, extended the time of payment of the note. The plaintiff's counsel, in his closing argument to the jury, for the first time objected to this evidence, on the ground that no contract for the extension of the time of payment

was averred in the answer. But the judge overruled the objec-
tion. The jury returned a verdict for the defendant, and the
plaintiff alleged exceptions.

*R. Cross*, for the plaintiff.

*O. P. Lord & J. Clark*, for the defendant.

Shaw, C. J. It was competent for the defendant to show
that he was a surety only, and that the plaintiff knew it. *Car-
penter* v. *King*, 9 Met. 511. An agreement with the principal,
for a consideration, to give time, and not to sue him within a
time limited, discharges the surety. *Greely* v. *Dow*, 2 Met. 176.
But mere omission to sue the principal will not discharge a
surety. *Hunt* v. *Bridgham*, 2 Pick. 581.

And the court are of opinion that the averment in the answer
was sufficient to let in this proof, especially as the plaintiff did
not object to the proof when offered.        *Exceptions overruled.*